VAN DYKE, ADMINISTRATRIX *v.* REPLOGLE

[No. 15,336.  Filed May 4, 1937.]

*R. W. Lennington & Sons,* and *Murphy & Staley,* for appellant.

*John W. Macy* and *Wesley O. Smith,* for appellee.

CURTIS, J.—This was an action commenced by the appellee against Gerald S. Van Dyke for damages for breach of warranty in his warranty deed to certain real estate executed and delivered by him to the appellee. After the commencement of the action in the trial court and before judgment therein Van Dyke died and the appellant as administratrix of his estate was substituted as defendant and is now the appellant herein.

The action was tried before the court without the intervention of a jury on the appellee's complaint and

the appellant's answer in general denial resulting in a finding in the sum of two thousand three hundred and thirty-eight dollars and ninety-six cents ($2,338.96) in favor of the appellee, upon which judgment was rendered in that amount and for costs. It is from that judgment that this appeal is prosecuted.

The appellant seasonably filed her motion for a new trial which was overruled with an exception. The errors assigned are the sustaining of demurrers to each of the second, third and fourth paragraphs of answer of the appellant to the plaintiff's complaint and the ruling on the motion for a new trial. The causes presented in the motion for a new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law, and that the damages assessed are excessive and alleged error as to the rulings of the court in refusing to admit into evidence two certain exhibits offered by the appellant.

The facts out of which this litigation arose are substantially as follows: Gerald S. Van Dyke owned a dwelling in Union City, Indiana, and Jacob and Ida J. Replogle, as husband and wife, owned a garage in the same city; they exchanged these properties, the Replogles conveying the garage to Van Dyke and Van Dyke conveying the dwelling to Ida J. Replogle; the deeds were of general warranty. As part of the consideration Ida J. Replogle gave Van Dyke her note for $500.00 and with her husband gave Van Dyke a mortgage on the dwelling to secure it. This transaction occurred November 19, 1924. One Schoenfeld was in possession of the dwelling and when Mrs. Replogle sought to get possession he told her that he had bought the property of Van Dyke. Thereupon the Replogles filed suit in the Randolph Circuit Court against Schoenfeld for possession, and to this they later added a paragraph to quiet title, in the usual form. Jacob S. Replogle withdrew as

a party plaintiff. The appellee caused notice of the suit to be served on Van Dyke, calling on him to maintain the title he had warranted. Van Dyke responded, entered the case and answered the complaint by general denial. Schoenfeld answered also by general denial. The cause was tried by the Randolph Circuit Court and judgment was rendered that the plaintiff take nothing by her complaint, and that Schoenfeld recover his costs. Thereafter Ida J. Replogle, the appellee, filed this suit in the Randolph Circuit Court against Van Dyke for damages for breach of the covenants of title and possession in his deed to her.

The appellee earnestly insists that, due to defective briefing, no question is presented. While there is merit in that contention, yet we have given the appellant the benefit of every doubt and have examined the case upon its merits.

The memoranda filed with the said demurrer to each of the 2nd and 3d and 4th paragraphs of answer is in following language:

"1. The answer professes to be an answer in bar to the whole complaint, which is for damages for breach of warranty in the covenants of title and possession, yet in fact it only answers that part of the complaint which seeks damages for breach of the covenant of possession. It alleges that plaintiff took the deed with knowledge of another's possession and agreed, as part of the consideration, to obtain possession herself, but it does not allege that she took with knowledge that another had title and agreed to obtain the title herself as part of the consideration. If we admit the allegations of the answer, still the plaintiff would be entitled to recover for loss of title.

2. The answer seeks to avoid the effect of a warranty deed, executed in statutory form and therefore containing covenants of both title and possession, by pleading that the plaintiff, as part of the consideration, agreed to accept the deed subject to the possession of another. It therefore seeks to de-

feat the operation of the deed as a valid and effective grant of possession, which is as much a part of the deed as the grant of title, for the possession held by the other person, Schoenfeld, is not alleged to be that of a tenant, but that of a purchaser under a contract of purchase from the defendant.

3. The answer seeks to vary the terms of a deed by parol evidence under the guise of explaining the true consideration; the facts offered in such purported explanation show a plain attempt to avoid the effect of a statutory warranty deed and to destroy it as a valid and effective grant.

4. The answer shows that plaintiff was deprived of her title and of her possession by a person to whom the plaintiff, her grantor, had sold the property in question, and that such title and possession were denied the plaintiff and adjudicated against her in an action in the Randolph Circuit Court to which the defendant was a party and in which he appeared and defended."

After the rulings on said demurrers, the case being at issue upon the complaint and the general denial thereto, the court heard the evidence as to the entire transaction and under the issues as made no defense was cut off. In such a case no reversible error was committed in said rulings and the error (if it be error) in relation thereto was harmless.

The appellant has failed to show any error in the ruling of the court upon the evidence and this court will not search the record for the purpose of discovering such error in order to reverse the judgment.

The simple fact remains that the title of the appellee which was warranted to her by the appellant's decedent failed, and title was quieted against her in a suit in which the appellant's decedent appeared in response to a notice to him to appear therein and protect his warranty. The person to whom the appellant's decedent previously sold the real estate upon a contract prevailed in said suit and quieted his title

against the appellee. The judgment in that case was unappealed from. Under such a situation the warranty of the appellant's decedent became breached, giving rise to the instant case.

From our examination of the evidence herein we are convinced that the decision of the court is amply sustained by the evidence and that it is not contrary to law. We have not discovered wherein the recovery was for a greater amount than the evidence warranted. Upon the record as a whole we are convinced that a correct result was reached and that is an additional reason for an affirmance.

Judgment affirmed.